UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>GEORGE VORTMAN,<br><br>        Defendant. | Case No.  16-cr-00210-TEH-1<br><br>**ORDER RE: DECEMBER 5, 2016 HEARING** |

Counsel shall come prepared to address the following questions at the December 5, 2016 hearing on Defendant's motion to dismiss and motion to suppress:

**For Government:**

1. Could the NIT Warrant have been deployed in a manner such that it would only target individuals who downloaded or uploaded child pornography?  If so, why did the government not do so?

2. The NIT Warrant requested the government's ability to "deploy the NIT more discreetly against particular users, such as those who have attained a higher status on [Playpen]" in order to "ensure technical feasibility and avoid detection."  ECF No. 58-1, at 28 n. 8.

    a. Given the government's ability to deploy the NIT warrant in a more targeted manner, how is the NIT Warrant compliant with the Fourth Amendment's particularity requirement? *See United States v. Cardwell*, 680 F.2d 75, 78 (9th Cir. 1982) ("Generic classifications in a warrant are acceptable only when a more precise description is not possible.").

    b. Also, wouldn't the government's ability to deploy the NIT warrant in a more targeted manner mean the government had unfettered discretion in deciding who to target and in what particular manner?

3. You argue that the NIT was valid under Fed. R. Crim. P. 41(b)(4) as a tracking device.  ECF No. 59, at 19.  But the NIT appears to have done more than merely track movement.  It infiltrated the Defendant's computer, instructed it to execute a command, and then instructed the computer to send

several pieces of information – not just the Defendant's location – to the government. How does the NIT fit within the definition of a tracking device in 18 U.S.C. § 3117(b): "an electronic or mechanical device which permits the tracking of the movement of a person or object"?

**For Defendant:**

4. You failed to address the government's reference to *United States v. Mitchell*, 915 F.2d 521 (9th Cir. 1990) in your reply. Please address whether *Mitchell* controls the outcome in this case.

5. You contend there was a reasonable expectation of privacy in your IP address. ECF No. 55-1, at 19; ECF No. 61, at 9–10. Yet, every district court in this circuit to address the NIT warrant has found there is no reasonable expectation of privacy in an IP address. How do you reconcile your position with these other district courts and with the Ninth Circuit's decision in *United States v. Forrester*, 512 F.3d 500, 510–11 (9th Cir. 2007)?

6. Assuming the Court finds the government violated Rule 41, you argue the violation was unconstitutional or fundamental because "[a] warrant issued by a judge who has no jurisdiction to issue it is no warrant at all." ECF No. 61, at 9. How do you reconcile your argument with *United States v. Ritter*, 752 F.2d 435, 440–441 (9th Cir. 1985)?

**IT IS SO ORDERED.**

Dated: 11/30/2016      _____
THELTON E. HENDERSON
United States District Judge