UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>GEORGE VORTMAN,<br><br>        Defendant. | Case No. 16-cr-00210-TEH-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY** |

On February 16, 2017, Defendant Vortman ("Vortman") filed a Motion to Compel Discovery. ECF No. 80. The Government timely opposed the motion, ECF No. 83, and Vortman timely replied, ECF No. 88. The Court heard oral arguments on Vortman's motion on April 24, 2017. After carefully considering the parties' written and oral arguments, the Court DENIES Vortman's motion for the reasons set forth below.

**I. BACKGROUND**

As the parties are familiar with the factual and procedural background of this case, the Court provides only a brief summary of the facts.

Vortman was charged following an investigation into a website hosting child pornography called "Playpen." Unlike traditional websites, Playpen operated as a "hidden service" on The Onion Router ("Tor"). Because Playpen was hosted on Tor, Playpen's investigation posed unusual problems for law enforcement officials' attempts to identify and locate Playpen's server and Playpen users. This is because websites hosted on Tor are not indexed – i.e., they cannot easily be searched on a browser like Google – nor can the IP address of hidden services be looked up. Also, individuals cannot access websites on Tor

without using the Tor browser, which conceals a Tor user's Internet Protocol address ("IP address").[1]

With a tip from a foreign law enforcement agency, the FBI located Playpen's host server in North Carolina. However, because Playpen's IP address log contained only the exit nodes of its users, the Government was unable to identify Playpen users. Although the Government considered immediately shutting down the website permanently, instead, the Government obtained a warrant to allow it to run Playpen from its server for thirty days and to "augment" Playpen's website with a Network Investigative Technique ("NIT"). In short, the NIT would work as follows: when a Tor user would log into Playpen using a username and password, the website would send a code, or computer instructions, to the user's computer that would cause the computer to surreptitiously send identifying information to the Government. The information that the NIT would send to the Government included an IP address, which allowed law enforcement agencies to identify the user using traditional methods.

Using information provided by the NIT, the FBI found someone had registered an account with Playpen on January 3, 2015 using the username "childpornstar." Further investigation revealed that "childpornstar" had accessed several online forums containing child pornography. Using the IP address revealed for "childpornstar" by the NIT, the FBI traced the pseudonym to Vortman. In August 2015, law enforcement agencies obtained a search warrant to search Vortman's residence. A search of Vortman's residence discovered over 1,000 images and over 150 videos of child pornography on Vortman's desktop computer. On May 17, 2016, Vortman was indicted on one count of receipt of

---

[1] "[An] IP address is a unique identifier assigned by an internet service provider ("ISP") to a subscriber that can be used to determine the physical location of the subscriber if cross-referenced with the ISP's records." *United States v. Connor*, 521 F. App'x 493, 495 (6th Cir. 2013). Tor would conceal a user's true IP address by bouncing the user's communications through an intermediary network of relay computers. Consequently, when the Tor user finally connects to a website, the IP address visible to that site is of the last relay computer ("exit node") through which the user's communications were routed and not the user's actual IP address.

child pornography in violation of 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

In August 2016, Vortman filed a motion to dismiss his indictment for outrageous government behavior and a motion to suppress the NIT warrant. *See* ECF Nos. 54–55. After reviewing the parties' briefs and holding oral argument, the Court denied both motions. *See* ECF No. 75.

Defendant has now filed a motion to compel "to support renewed motions to suppress and to dismiss for outrageous government misconduct." Mot. at 1. In particular, Vortman seeks to compel discovery of the following information:

1. Programming Code for the NIT used by the FBI to collect computer data, including the IP address, operating system and other data related to "askjeff";

2. The HTML code (or programming code) for "Website A" (allowing my experts to view the website as it was presented those accessing the website between February 20 and March 4, 2015;

3. The number of visitors to the site between February 20 and March 4, 2015 and the number of total visits (recognizing that distinct visitors may have visited the site more than once);

4. Some measure of the length of visits (e.g., total time all visitors were connected to the site; average time visitors were connected to the site);

5. A summary of any measures that were taken by the FBI or other law enforcement entities to block access to the pictures, videos, and links available on or through the site between February 20 and March 4, 2015;

6. The number of child pornography pictures that were posted on the site between February 20 and March 4, 2015;

7. The number of child pornography videos that were posted on the site during that time period;

8. The number of links to child pornography pictures and videos that were posted on the site during that time period;

9. The number of child pornography pictures and videos that were viewed during that time period.

10. The number of child pornography pictures and videos that were downloaded during that time period.

11. [Duplicate of Request # 3][2]

---

[2] Requests 11-13 were exact duplicates of Requests 3-5, respectively. *See* ECF No. 80-3.

3

12. [Duplicate of Request # 4]

13. [Duplicate of Request # 5]

14. The reason the site was shut down on March 4 (rather than earlier or later);

15. All documents relating to review and authorization of the FBI's administrative control of the site by the Department of Justice or other governmental agencies that were involved in the "Website A" investigation and deployment of the NIT at issue in our case.

ECF No. 80-3.

## II. LEGAL STANDARD

"Rule 16 of the Federal Rules of Criminal Procedure grants defendants a broad right to discovery, providing '[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . documents . . . within the government's possession, custody, or control . . . [that are] material to preparing the defense . . . .'" *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)) (alterations in original). "In order to receive discovery under this rule, the defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* (citations and internal quotation marks omitted). "Rule 16 materials need not be admissible, as long as there is a strong indication that . . . the evidence will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Johnson*, 2015 WL 3630952, at *1 (N.D. Cal. June 10, 2015) (internal quotation marks and citation omitted).

## III. DISCUSSION

### a. Vortman Failed to Comply with Criminal Local Rule 16-2

As an initial matter, Vortman failed to comply with Criminal Local Rule 16-2. Rule 16-2 requires a motion to compel to be filed with a declaration by counsel setting forth: (1) the date of the conference held pursuant to Crim. L.R. 16-1(a); (2) The name of the attorney for the government and defense counsel present at the conference; (3) the matters

which were agreed upon; and (4) the matters which are in dispute and which require determination of the Court. Crim. L.R. 16-2. "Local Rules are promulgated by District Courts primarily to promote the efficiency of the court, and [] the court has a large measure of discretion in applying them." *United States v. Simmons*, 476 F.2d 33, 35 (9th Cir. 1973); *see also Miranda v. Southern Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1982) ("District courts have broad discretion in interpreting and applying their local rules.").

Here, Vortman failed to submit a declaration containing the aforementioned information. Therefore, the motion is procedurally deficient, and the Court has discretion to dismiss the motion on that basis. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). However, in the interest of resolving motions on the merits, and also because the Government did not raise this point, the Court shall analyze the merits of Vortman's motion.

**b. Materiality**

Vortman argues the additional discovery he seeks is material because it may support renewed motions to suppress the NIT warrant and to dismiss for outrageous government misconduct. Mot. at 1:18–24. The Court addresses both arguments below.

**i. The Requested Discovery in Not Material to Showing the Government's Behavior was Outrageous**

Specifically, Vortman seeks to obtain additional discovery that allows him to compare "the amount of traffic before the government took [Playpen] over," with "the amount of traffic that occurred when the government operated the Playpen site." Reply at 5:21–24. This is because Vortman believes this information may allow him to "show that the government's distribution of pornography was so extensive and so uncontrolled as to involve substantial injury to the general public or innocent third parties as would be 'grossly shocking.'" *Id.* at 5:18–21 (*citing United States v. Archer*, 486 F.2d 670, 677 (2d Cir. 1973). But this argument was already rejected by the Court in its December 16, 2016 Order. *See* ECF No. 75. In that Order, the Court determined Vortman's motion to dismiss

5

for outrageous government behavior was foreclosed by *United States v. Mitchell*, 915 F.2d 521 (9th Cir. 1990). In comparing *Mitchell* with this case, the Court noted:

> Here, like the defendant in *Mitchell*, Vortman's actions in using Playpen to access child pornography were completely voluntary. The government did not threaten, coerce, or prod him to use Playpen. . . . Also, unlike the sting operation in *Mitchell* where the government "orchestrated" the child pornography enterprise and distributed child pornography, here the government merely attached itself to a child pornography operation that was already in full operation. Because the government's conduct here is less offensive than the sting operation in *Mitchell*, dismissal of Vortman's indictment is unwarranted.

ECF No. 75 at 7:26–8:6. Also, because the "government did not actually distribute any child pornography," the Court rejected Vortman's argument that the government's behavior was outrageous because of the amount of pornography that was distributed through Playpen. *Id.* at 8 n. 4.

Here, Vortman has not made a showing that the information he seeks is material to this defense. Even assuming Vortman were to obtain information showing an increased amount of traffic on Playpen after the Government's takeover of the site, this would do nothing to undermine the reasoning of the Court's prior order. In other words, even if Playpen's user traffic did increase after the Government's takeover, it would not refute the fact that Vortman's conduct was "completely voluntary." Nor would it show that the Government "orchestrated" Playpen or that the Government actually distributed child pornography. Accordingly, Vortman has failed to show how the discovery he seeks to compel is material to his "outrageous conduct" defense.

### ii. The Requested Discovery in Not Material to Showing the NIT Warrant was Overbroad

Vortman also seeks additional discovery to support his argument that the NIT warrant was overbroad because "it was possible for the government to deploy the NIT in a more limited manner . . . ." Reply at 6:1–3. However, this argument was also rejected by the Court in its prior order. In rejecting Vortman's argument that the NIT warrant failed to

meet the particularity requirement stated in *Dalia v. United States*, 441 U.S. 238, 255 (1979), the Court explained:

> [B]ecause of the affirmative steps required to access Playpen, the warrant only applies to "a group that is necessarily actively attempting to access child pornography." Accordingly, the government was not required to only target administrators or users which "used the site regularly and aggressively," as Vortman suggests.
> . . . Given the totality of the circumstances and the information available to the government, the NIT warrant was sufficiently particular to satisfy the Fourth Amendment.

ECF No. 75 at 17:20–18:4. Thus, in light of the Court's prior Order, Vortman cannot support his motion to compel discovery by claiming the information he seeks would show the NIT warrant was overbroad.

In sum, Vortman has failed to show how the additional discovery he seeks to compel is material to a viable defense.

## IV. CONCLUSION

Based on the foregoing reasons, the Court DENIES Vortman's Motion to Compel Discovery.

**IT IS SO ORDERED.**

Dated: 4/26/17

_____
THELTON E. HENDERSON
United States District Judge